The Gentleman's Driving Club, Appellee, v. Union Biscuit Company, Appellant.

1. STATUTE OF FRAUDS—*what satisfies provisions requiring contract not to be performed within a year to be in writing.* In order to meet the requirements of the Statute of Frauds, it is not necessary that the writing 'give all the details of the contract.

2. CORPORATIONS—*when question of existence cannot be raised.* The question as to whether or not the defendant is a corporation cannot be first raised on appeal.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

DAN McGLYNN, for appellant; JAMISON & THOMAS, of counsel.

JOHN L. FLANNIGEN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The Union Biscuit Company, a Missouri corporation, engaged in the manufacture of crackers and some other like products, being desirious of obtaining ad-

FOURTH DISTRICT—NOVEMBER, 1909.     325

Gentlemen's Driving Club v. Union Biscuit Co., 151 Ill. App. 324.

vertising space on the fence surrounding a park controlled by the Gentlemen's Driving Club of East St. Louis, Illinois, executed the following memorandum in writing:

"EAST ST. LOUIS, ILLINOIS, April 30th, 1908.
I hereby enter into contract with the Gentlemen's Driving Club of East St. Louis for 25 feet of advertising space on fence at Priester's Park, Ill., at $2 per foot for a period of two years from date.
UNION BISCUIT COMPANY,<br>Per A. E. Winkelmeyer, Pres.
Total $50."

It is admitted that it was understood between the parties that appellee was to paint the sign upon the fence, according to a design to be furnished by appellant. The sign was in fact caused to be painted by appellee upon the space rented to appellant but, after it was finished, some dispute arose as to whether it was properly executed, according to the design, and some changes were made. Later, appellant having refused to pay for the space rented, appellee brought suit by attachment before a justice of the peace and recovered a judgment for the amount of the contract price. On appeal to the City Court of East St. Louis, a like judgment was rendered against appellant.

Upon the facts as shown by the record, appellee was plainly entitled to a verdict in its favor. It is claimed by appellant, however, that the contract was partly in writing and partly parol and must therefore be treated as an oral contract; that as it was not to be performed within a year, it was within the Statute of Frauds and therefore void. To meet the requirements of the Statute of Frauds, it is not necessary that the writing give all the details of the contract. Frazer v. Howe, 106 Ill. 563. We are of opinion that the written instrument, introduced in evidence, was a sufficient memorandum of the agreement or undertaking to comply with the statute.

It is further contended that the judgment should not be maintained in favor of appellee, for the reason that "The Gentlemen's Driving Club" is not a corporation nor a partnership, and that it has no legal existence. It does not appear from the record that this question was raised in the court below, nor does the evidence disclose that appellee is not a corporation, except by merest inference. Under such circumstances and especially as appellee's right to recover upon the merits of the case is so plainly shown, appellant's contention cannot be sustained to defeat the judgment.

While there are some inaccuracies in the instructions given for appellee, to which appellant calls attention, yet they are not of sufficient importance to warrant a reversal of this case.

The judgment of the court below is affirmed.

*Affirmed.*